IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Crim. Action No. DKC-14-0249 |
| MINGCHAO MA | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is an appeal filed by Appellant Mingchao Ma ("Mr. Ma" or "Appellant"), from a judgment of conviction entered by United States Magistrate Judge Thomas M. DiGirolamo on May 14, 2014.  For the following reasons, the judgment will be affirmed.

**I.  Background**

On March 18, 2014, Appellant was issued a citation by National Institutes of Health ("NIH") police officer Don Kershaw ("Officer Kershaw") for failure to stop at a stop sign in violation of Md. Code Ann., Transp. § 21-707(a), an infraction assimilated by 18 U.S.C. § 13.  (ECF Nos. 1-1 & 5).  On May 14, 2014, Mr. Ma appeared, *pro se*, before Judge DiGirolamo and entered a plea of not guilty.  (ECF No. 5, at 1).  The case proceeded to trial and Judge DiGirolamon found Mr. Ma guilty.  (ECF No. 1-2).  Appellant was ordered to pay a fine of $85, a processing fee of $25, and a special assessment fee of $5.  *See*

*United States v. Mingchao Ma*, Case No. 8:14-po-3800-TMD, at ECF No. 3.

Mr. Ma noted the instant appeal on May 22, 2014. (ECF No. 1). On May 27, 2014, the Clerk sent Mr. Ma a letter advising him to file memoranda in accordance with Local Rule 302. (ECF No. 4). On June 4, 2014, Mr. Ma filed a memorandum, stating the following grounds for appeal: he had not received any tickets for failing to stop at a stop sign in ten years of driving; he did stop at the stop sign; and the officer provided no witness or video evidence that he failed to stop. (*See* ECF No. 5). The Government filed its response memorandum on July 14, 2014, stating that the officer provided his own testimony, and Judge DiGirolamo believed Officer Kershaw's description of what happened. (ECF No. 9, at 3).

**II.  Standard of Review**

Pursuant to Fed.R.Crim.P. 58(g)(2)(B), "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry" by "fil[ing] a notice with the clerk specifying the judgment being appealed and ... serv[ing] a copy on the adverse party." Rule 58(g)(2)(D) provides that "[t]he scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." The record on appeal consists of the original papers and exhibits in the case, together with any transcript,

tape, or other recording of the proceeding and a certified copy of the docket entries. Fed.R.Crim.P. 58(g)(2)(C). "For purposes of the appeal, a copy of the record of the proceedings must be made available to a defendant who establishes by affidavit an inability to pay or give security for the record. The Director of the Administrative Office of the United States Courts must pay for those copies." (*Id.*). Neither party has arranged for the record to contain a transcript or an audio recording of the proceeding. As will be seen, however, neither is necessary to resolve the instant appeal.

In reviewing a judgment of conviction entered by a magistrate judge, a "district court utilizes the same standards of review applied by a court of appeals in assessing a district court conviction," rather than conducting a "trial *de novo*." *United States v. Bursey,* 416 F.3d 301, 305 (4th Cir.2005). A magistrate judge's conclusions of law are subject to *de novo* review, while his findings of fact are reviewed only for clear error, just as would be the case were the matter on appeal from a District Court bench trial to a Court of Appeals. *See United States v. Orme*, 851 F.Supp. 708, 709 (D.Md. 1994) *aff'd*, 51 F.3d 269 (4th Cir. 1995).

Review for sufficiency of the evidence proceeds on a familiar standard:

> "A defendant challenging the sufficiency of the evidence faces a heavy burden." *United States v. Foster*, 507 F.3d 233, 245 (4th Cir. 2007). In a sufficiency of the evidence challenge, [the court] view[s] the evidence on appeal in the light most favorable to the government in determining whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *United States v. Collins*, 412 F.3d 515, 519 (4th Cir. 2005). [It] review[s] both direct and circumstantial evidence, and accord[s] the government all reasonable inferences from the facts shown to those sought to be established. *United States v. Harvey*, 532 F.3d 326, 333 (4th Cir. 2008). [It does] not review the credibility of the witnesses and assume[s] that the [fact-finder] resolved all contradictions in the testimony in favor of the government. *United States v. Kelly*, 510 F.3d 433, 440 (4th Cir. 2007). [The court] will uphold the [fact-finder's] verdict if substantial evidence supports it and will reverse only in those rare cases of clear failure by the prosecution. *Foster*, 507 F.3d at 244–45.

*United States v. Cone*, 714 F.3d 197, 212 (4th Cir. 2013).

**III. Analysis**

Appellant's arguments that he had never before received any traffic citation for failing to stop at a stop sign, that he did actually stop at the stop sign, and that the Government lacked evidence against him constitute challenges to the legal sufficiency of the evidence to support the conviction. Appellant has failed to meet his "heavy burden" here. Pursuant to Md. Code Ann., Transp. § 21-707(a), "[u]nless otherwise directed by a police officer or traffic control signal, the

4

driver of a vehicle approaching a stop sign at an intersection shall stop at the near side of the intersection at a clearly marked stop line." The fact that Mr. Ma purportedly did not have a history of traffic violations is irrelevant to whether he did or did not stop at the stop sign when pulled over on March 18, 2014. Mr. Ma states that "the [J]udge believed in what the officer said even [though] the officer did not show any evidence, and rejected my explanation." (ECF No. 5, at 2). Judge Day found testimony from the officer credible to sustain the conviction, and a district court is not permitted to "weigh the evidence or assess the credibility of witnesses" on appeal. *United States v. Kelly*, 510 F.3d 433, 440 (4th Cir. 2007). Similarly, although Mr. Ma now declares contrary to the officer's testimony that he stopped at the stop sign, credibility determinations made by Judge DiGirolamo are not subject to review.

**IV. Conclusion**

Based on the foregoing, the judgment against Mr. Ma will be affirmed.

/s/
_____
DEBORAH K. CHASANOW
United States District Judge

5